## Yoffee v. Golin

*Donn L. Snyder, Berman & Boswell,* for plaintiffs.
*G. Thomas Miller,* for defendants.

HERMAN, J., September 24, 1968.—In this suit in equity which was instituted in May of 1962 and in which there have been preliminary matters presented, considered and disposed of each year since then,[1] we now have before us after the pleading stage of the matter has been completed, interrogatories to plaintiffs propounded by defendant Golin under Pennsylvania Rule of Civil Procedure 4005, and plaintiffs' objections thereto.

At the time of argument on the objections to the interrogatories we were inclined, in the interest of

---

[1] Docket entries alone, numbering over 60 entries including an appeal to the Pennsylvania Supreme Court, cover 4½ foolscap sheets, single spaced.

getting this old case to trial, to sustain the objections and order the matter immediately heard before the chancellor, but upon careful consideration we conclude that most of the interrogatories should be answered.

The seven plaintiffs, one a partnership and the other six corporations, seek in this suit to enforce an employment contract which defendant Golin allegedly entered into with the partnership prior to the time any of the corporations came into existence; and further, to collect damages from defendants for the alleged breach of the contract. The particular type of insurance business which defendant Golin was hired to organize and manage was student accident and scholastic football insurance, all of which was subsequently transferred by the partnership to the corporations. Defendant Golin denies that he breached any employment contract by terminating his employment and denies that plaintiffs were damaged by his leaving; and further, counterclaims for a share of profits which he avers he was not paid but was entitled to under his employment agreement.

While the amended complaint, inter alia, seeks damages from defendant Golin, no specific amount is claimed nor is there any itemization of any particular damages. Defendant Golin's preliminary objections asking for more specificity on the question of damages were overruled and consequently he now seeks discovery by way of the interrogatories, to which objection has been taken.

Although there are 50 interrogatories in all, they may be categorized as follows: Fourteen of them [2] are all requests for lists of schools and school districts with which the partnership and the respective corporations contracted to provide football insurance coverage and student accident coverage during the school years of 1959 through 1966.

---

[2] Interrogatories 1, 2, 8, 9, 15, 16, 22, 23, 29, 30, 36, 37, 43, and 44.

Twenty-one interrogatories [3] ask for the gross receipts, net profits, and employes' compensation of the plaintiff-partnership and the corporations for the years 1959 through 1965.

Seven interrogatories [4] seek to determine how the net profits were divided between the partners of the partnership, or the stockholders of the corporations.

Six interrogatories [5], against which no objection was made, ask for the names of the stockholders of the corporations if there are any stockholders in addition to Irvin Yoffee and Myron Beitman, and the percentage of stock held by such additional stockholders.

Two interrogatories [6] seek copies of Federal income tax returns of each plaintiff for the years 1959 through 1965.

Pennsylvania Rules of Civil Procedure provide, in pertinent part, as follows:

Rule 4005:

"(a) Subject to the limitations provided by Rule 4011, any party may file and serve upon any adverse party written interrogatories to be answered by the party served or, if the party served is a public or private corporation or similar entity or a partnership or association, by any officer or agent, who shall furnish such information as is available to the party. . . .

"(c) Interrogatories may relate to any matters which can be inquired into under Rule 4007. . . ."

Rule 4007:

"(a) . . . Subject to the limitations provided by Rule 4011, the deponent may also be examined regarding any matter, not privileged, *which is relevant to the*

---

[3] Interrogatories 3, 4, 5, 10, 11, 12, 17, 18, 19, 24, 25, 26, 31, 32, 33, 38, 39, 40, 45, 46 and 47.

[4] Interrogatories 6, 13, 20, 27, 34, 41 and 48.

[5] Interrogatories 7, 14, 21, 28, 35 and 42.

[6] Interrogatories 49 and 50.

*subject matter involved in the action and will substantially aid in the* preparation of the pleadings or the *preparation or trial of the case."* (Italics supplied.)

Rule 4011:

"No discovery or inspection shall be permitted which

(a) is sought in bad faith;

(b) causes unreasonable annoyance, embarrassment, expense or oppression to the deponent or any person or party. . . ."

While discovery under these rules is more restricted than under the Federal procedure and it has been repeatedly said that " 'fishing expeditions' are not to be countenanced under the guise of discovery": Thompson Will, 416 Pa. 249, 261 (1965) ; nevertheless, it is equally true that requests for discovery must be considered with liberality, and wide discovery permitted: Goodrich-Amram §4005-4, and cases there cited.

Of course the matter inquired into must be relevant, but if there is any possible basis for relevancy, discovery should be allowed (Goodrich-Amram §4007(a)-18) if, of course, it also substantially aids the inquirer in the preparation of the pleadings or in the preparation or trial of the case.

President Judge Kreider stated the position of this court in Cloder v. Horvath, 27 D. & C. 2d 180 (1962), when he pointed out the liberal manner in which, after the 1954 amendments to the rules, discovery should be treated. He said, "It seems that the weight of authority in Pennsylvania now supports the view that when the standards of relevance and substantial aid are met no objection to discovery can be made on the ground that the moving party is seeking a script for trial". (p. 187)

We conclude that the names of schools and school districts with which plaintiffs contracted to provide football insurance coverage and student accident coverage during the years in question is a relevant

matter here and the disclosure to defendant Golin will substantially aid him in the preparation for trial.

We likewise conclude that knowledge of the gross receipts, net profits and employes' compensation of the plaintiff-partnership and corporations for the years in question is a relevant matter which will substantially aid Golin in preparation for trial.

We reach these conclusions because plaintiffs, in addition to injunctive relief, are seeking damages from defendant Golin, and Golin, in turn, is asking for compensation which he avers he earned but for which he was not paid. It seems obvious to us therefore that these matters are proper subject of discovery here.

The production of this information *now* could hardly be burdensome to plaintiffs because they would have to produce it at the time of trial in any event if they hoped to prevail. Plaintiffs cannot complain that the production of this information would be divulging trade secrets or confidential information for the same reason and, additionally, they aver that Golin already has much of this knowledge from his prior employment with plaintiffs.

The production of this information now will certainly reduce the time of trial and tend to make the proceedings more orderly before the chancellor.

Plaintiffs object to answering certain of the interrogatories on the grounds that they are not sought in good faith but for harassment purposes only. A party objecting on these grounds has the burden of proving facts to support that conclusion: 5A Anderson, Pa. Civ. Pract. §4011.12. And we find no such support here. Bad faith should not be imputed to a party seeking discovery unless the matter sought is manifestly irrelevant, immaterial or scandalous. Ibid. And the mere fact that interrogatories are not requested until immediately before trial is not sufficient grounds to show bad faith. Indeed, to seek discovery for preparation for

trial would be refused as premature if sought before the case was at issue: Goodrich-Amram §4007(a)-21. The matter here sought is not manifestly irrelevant, immaterial or scandalous.

The harassment to be sufficient grounds for refusing interrogatories that are otherwise proper must be more than mere "annoyance, embarrassment, expense or oppression": Pa. R. C. P. 4011(b). As the rule states, the annoyance, embarrassment, expense or oppression must be *"unreasonable"*. (Italics supplied.) This is true because in every discovery some one, to some extent, is being annoyed, embarrassed, oppressed, or caused expense. It is true that the revealing of business information to the adverse party, a competitor, will certainly be most annoying and may help him to win the litigation "but such displeasure of the adverse party is not the annoyance, embarrassment, expense or oppression which is contemplated by the limitation of Rule 4011(b).": 5A Anderson, Pa. Civ. Pract. §4011.65.

We can see no relevancy whatsoever in information concerning the manner in which net profits of the partnership or the corporations were divided, nor can we conceive any way in which the disclosure of this information would substantially aid defendant Golin in the preparation or trial of the case. We will, therefore, sustain plaintiffs' objection to interrogatories 6, 13, 20, 27, 34, 41, and 48.

Interrogatories 49 and 50 seek copies of federal income tax returns of plaintiffs' business entities. Copies of documents are not to be obtained by interrogatories under Rule 4005. The proper procedure is by motion and order of court under Rule 4009(1): Goodrich-Amram §4009-7; Lewis v. Geisinger Medical Center, 30 D. & C. 2d 32 (1963). We will, therefore, sustain plaintiffs' objection to these two interrogatories.

In view of what we have said herein, we make the following

ORDER

And now, September 24, 1968, the objections of plaintiffs to defendant Golin's interrogatories 6, 13, 20, 27, 34, 41, 48, 49, and 50 are sustained; and plaintiffs' objections to all other interrogatories are dismissed.